Action of deceit; plea, general issue. The declaration charged that the defendant, intending to deceive and defraud the plaintiff, did wrongfully and deceitfully encourage and persuade him to purchase from one John Irwin a certain mare; and did for that purpose then and there falsely and deceitfully assert and affirm to the plaintiff that the said mare was free and clear of and from all disease, and was sound; and the plaintiff, confiding in the said affirmation, did purchase the said mare; whereas, at the time, she was unsound and subject to a disease called the yellow water, and that the defendant well knew the same, etc.
The substance of the proof was that the plaintiff, being about to purchase the mare from John Irwin, inquired of him whether she was sound. Irwin made no direct answer to the question, but, having purchased the mare from the defendant, referred the plaintiff to him for the desired information.
The plaintiff accordingly applied to the defendant, and received from him a positive assurance that the mare was sound, upon which he immediately completed the bargain with John Irwin; and shortly afterwards the mare died under the ordinary and well known symptoms of the yellow water. During the time the mare had been in the defendant's possession, she wasted away, although the same care (100) was taken of her as of his other beasts, which under the same treatment had thrived; this he accounted for to his neighbors, who inquired whether she had not the yellow water, by telling them it proceeded from hard usage, and from her having lost a colt. Except this evidence, there was no proof against the defendant of his knowledge of the unsoundness of the mare. *Page 98 
It was argued for the defendant that, admitting the plaintiff's case to be as the declaration charged it, no action would lie for want of privity between the parties. That the defendant, having no interest in the bargain and receiving no consideration from the plaintiff, is not responsible to him for the loss he may have sustained, which was damnum absque injuria.
For the plaintiff, it was answered that an action would lie whether there was fraud and deceit in the defendant, and an injury thence resulting to the plaintiff, and the case of Passey v. Freeman, 3 Term Rep., was cited, as in point.
The Court, after summing up the evidence to the jury, stated to them that in order to understand its force and application, it became necessary to distinguish this action from one with which it had been confounded, and to which it bore but a remote resemblance. That it was not founded upon a warranty, in which case a privity of contract must exist between the plaintiff and defendant; in this case no privity of contract was necessary, for the cause of action is completely made out, when the defendant practices a fraud; with the view of deceiving the plaintiff, who, in consequence thereof, sustains a loss.
The defendant's intent was essential, and it could only be collected from his knowledge of the real situation of the mare; in which respect, also, this action differs from the one founded on a warrant. That extends to all defects, whether the seller knew them or not; this can only be sustained against a person who knew them or not; this can only was a false one, and who uttered it with a fraudulent intention.
(101) Thus, according to the case cited, if a man about to contract with another, but ignorant of his circumstances, applies to a third person for information, who assures him that he may safely be trusted; in such case, the affirmant is not liable, unless it be shown that at the time he gave the information, he well knew the man might not safely be trusted. For if, when he asserted it, he really believed it, though it were not true, it is a loss without an injury, and therefore is not the subject of an action. So it is for telling a bare, naked lie, the truth or falsehood of which were alike unknown to the defendant; no action is maintainable; but where it is uttered by a person who, at the time knew its falsehood, and a loss afterwards ensues to the plaintiff in consequence of it, an action will lie.
It is attested by some of the witnesses that the defendant had before owned the mare, and had sold her to John Irwin, who possessed her but a short time before the sale to the plaintiff; it may, therefore, possibly be inferred that whether she were sound or otherwise, was a fact more peculiarly within his knowledge than any other person's; for there were *Page 99 
no constant external symptoms from which a person unskilled in horses could have drawn the conclusion, nor was it a subject upon which the bystanders could exercise their judgment, or the plaintiff safely trust his own.
It is true that the defendant was under no obligation to satisfy the plaintiff's inquiry; but if he thought proper to answer, he was bound not to make a fraudulent representation; no man can claim the right of deceiving another. If, therefore, the jury believe that the plaintiff's case, as comprised in the declaration, is established in point of fact, he is entitled to their verdict. If the proof upon any of the points stated is not satisfactory to them, the verdict should be for the defendant.
NOTE. — See Erwin v. Greenlee, 18 N.C. 39, where it was held that if the defendant in an execution fraudulently induces the sheriff to sell unsound property of his, and at the sale fraudulently represents it to be sound, an action for a deceit lies against him by the purchaser.
Cited: Thomas v. Wright, 98 N.C. 274.
(102)